(71 Misc. Rep. 602.)

PEOPLE v. CRUISE et al.

(Court of General Sessions, New York County. April, 1911.)

1. CRIMINAL LAW (§ 627½*)—MINUTES OF GRAND JURY—INSPECTION.
     Before an application for inspection of the minutes of a grand jury containing the testimony on which an indictment was found in aid of a motion to dismiss the indictment as founded on insufficient evidence can properly be granted, the motion papers must present reasons for believing that the minutes asked for would disclose grounds for granting the motion to dismiss.
     [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1431; Dec. Dig. § 627½.*]

2. CRIMINAL LAW (§ 627½*)—MINUTES OF GRAND JURY—INSPECTION.
     It cannot be assumed for the purpose of authorizing an inspection of the minutes of a grand jury in aid of a motion to dismiss an indictment for insufficiency of the evidence that the complaining witness testified on his examination before the grand jury to no other or further facts than those which he stated in the written complaint to the magistrate.
     [Ed. Note—For other cases, see Criminal Law, Dec. Dig. § 627½.*]

Michael J. Volkmann was indicted for asking and receiving a bribe, and Edward Cruise for aiding and abetting Volkmann in the commission of the crime. Cruise moves for leave to inspect the minutes of the grand jury. Motion denied.

Olcott, Gruber, Bonynge & McManus, for the motion.
Charles S. Whitman, Dist. Atty., opposed.

CRAIN, J. The defendants were charged by the grand jury on December 16, 1910, in an indictment containing two counts, with violating sections 372 and 1826 of the penal law (Consol. Laws 1909, c. 40). The charge in substance and effect was that the defendant Volkmann, being a public officer, to wit, a member of the board of aldermen, asked and received a bribe and sum of money upon an understanding that, in consideration of such payment, he, Volkmann, would consent to the issuance of a permit to one David Barasch, the complaining witness, to keep and maintain a news stand under the elevated structure on a public street, and that the moving defendant, Cruise, aided and abetted Volkmann in the commission of such alleged crime. At the time of the finding of the indictment, the moving defendant had been arraigned before a city magistrate and had demanded an examination, but had not been examined.

[1] The moving defendant applies for an order granting to him an inspection of the minutes of the grand jury containing the testimony before them on which the indictment was found. His application is stated to be in aid of a contemplated motion by him to dismiss the indictment as founded upon insufficient evidence. Before such a motion can properly be granted, the motion papers must present reasons for believing that the minutes asked for would disclose grounds for granting a motion to dismiss the indictment. Matter of Montgomery, 126 App. Div. 82, 110 N. Y. Supp. 793.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The moving defendant, recognizing this to be the rule, assigns as a reason for such belief that the complaint and information in the Magistrate's Court lacked allegations of fact tending to show an intention on the part of the moving defendant to aid in the commission of the alleged crime; and it is urged that these allegations are wanting because the facts did not permit them to be truthfully made, and that, if that is so, the evidence before the grand jury must have been insufficient to warrant, as against the moving defendant, the finding of the indictment. To put the contention more briefly, it is that the indictment rests substantially on the testimony of the complaining witness and that the complaining witness presumably testified to nothing before the grand jury not alleged in his complaint and information in the Magistrate's Court, and that, if this is so, his evidence did not warrant the finding of the indictment as against the moving defendant, because lacking in proof of criminal intent.

It may be conceded that to have warranted the finding of the indictment as against the moving defendant there must have been legal evidence before the grand jury going to the point, or from which the inference could have been properly drawn, that the moving defendant did that which the testimony may have disclosed him to have done, with the intention on his part that what he did should aid in the commission of the alleged crime. People v. Zucker, 20 App. Div. 365; 46 N. Y. Supp. 766.

The complaint and information in the Magistrate's Court alleges a concert of action between the moving defendant and his codefendant. It alleges, in substance, that the complaining witness was a news dealer, having a news stand legalized by a permit upon a public street; that the continuance of this permit depended upon the official action of the codefendant, Volkmann, in his capacity as alderman; that Volkmann insisted upon the payment of money to him as a condition for granting a renewal of the permit; that the complaining witness objected to making such a payment, but finally consented; that it was arranged that Volkmann should send the permit to the complaining witness by some one authorized to deliver it and receive payment for it; that the moving defendant came, immediately after the making of such arrangement, twice on the same day, to the complaining witness' news stand and once to his house; that at the latter place he handed over the permit and concurrently received the amount demanded, after declining to receive a lesser sum and giving as a reason for such declination a communication to him by his codefendant; that thereupon the moving defendant was arrested with the complainant's money upon his person.

It is fairly inferable from the complaint and information that the moving defendant knew to whom he went. He went to the complaining witness who was a news dealer. He went to the news stand of a news stand holder. He went to one requiring, under the law, a permit for such stand. It is, moreover, fairly inferable from the complaint and information that the moving defendant knew from whom he came. He came from his codefendant. He came from a public official, to wit, an alderman, and, moreover, the alderman of the aldermanic district in

which the news stand of the person to whom he went was located. He came therefore from the person legally vested with the power to grant or withhold his consent to the renewal of the permit under which the news stand was maintained. He went from such person to the person who might, under certain circumstances, require in written form such consent. He went to him, as a matter of fact, when he did so require such consent. He went from his codefendant in the possession of such a consent in writing. He went from him under instructions respecting its delivery to the complaining witness. He went from his codefendant under instructions respecting the receipt of money from the complaining witness. He knew that this money was to be for his codefendant and was to come from the complaining witness, and was to be received concurrently with the delivery of the written consent emanating from his codefendant. It is, moreover, fairly inferable from the complaint and information that all the moving defendant did coincided with what his codefendant had previously said would be done in connection with the making conditional, upon the payment of money, the delivery of the written consent.

If, therefore, the allegations in the complaint and information are true, the moving defendant did acts having a tendency to assist in the perpetration of the alleged crime. Nor would it be improper to presume, in the absence of evidence to the contrary, that the moving defendant intended the natural, ordinary and probable consequence of his act; and this it may be inferred from the complaint and information was to make the delivery to the complaining witness of the written consent, emanating from the codefendant, dependent upon the payment to him by such complaining witness of a sum of money for the same, determined as to amount by his codefendant, the alderman from whom he came, and payable over to the latter. This being criminal, the complaint and information supplies ground for the inference that the moving defendant did what he did with the intention on his part to aid thereby in the commission of the alleged crime.

If, however, this inference of criminal intent on the part of the moving defendant cannot be properly drawn from the allegations of the complaint and information, and if, therefore, such allegations state insufficient facts to warrant the finding of the indictment against the moving defendant, it does not follow that the complaining witness may not, as a witness before the grand jury, have testified to facts warranting the finding of one.

Where a witness has been fully interrogated in a Magistrate's Court and purports, responsive to appropriate questions, to state all he knows about a given matter, there may be ground for argument that, when he testifies on a subsequent occasion upon the same matter, his subsequent testimony will be to like effect and no greater in extent; so that, where he has avowed ignorance on a given point responsive to a specific interrogation, it may be assumed that upon the second occasion, if so interrogated, his answers would be to like effect. Yet the argument in such case is not strong, as experience shows that many important details are recalled by witnesses on a second examination which were wholly forgotten upon a first, and that the substance of that testified

to depends, not merely upon the general line of interrogation, but upon the phrasing of individual questions. Where, as in the case at bar, an inference is sought to be drawn as to what a witness before a grand jury said when interrogated from what has been prepared for his signature and verification as a complaint and information in a Magistrate's Court, the basis for an inference is almost wholly wanting. It may, perhaps, be inferred that he has testified to nothing which contradicts what he has sworn to in his complaint and information, but it cannot be assumed that he has not amplified it, or given in detail that which was alleged in his complaint and information in mere outline. In the case at bar it may well be that the complaining witness testified, when before the grand jury, to what he said to the moving defendant and what the moving defendant said to him upon the occasions when they met at the news stand, as alleged in the complaint and information, and this he does not purport to do in the complaint and information; and such conversations may have amply warranted the conclusion in the complaint and information that the moving defendant acted in concert with the other defendant, and so have warranted the finding of the indictment.

It follows that the moving defendant has not by his argument based upon the alleged insufficiency of the complaint and information sufficiently overcome to warrant the granting of this motion the presumption that the indictment is based upon legal and sufficient evidence (People v. Glen, 173 N. Y. 395, 66 N. E. 112; People v. Martin, 87 App. Div. 487, 84 N. Y. Supp. 823); and the motion is therefore denied.

Motion denied.