THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALLINGTON APARTMENTS, INC., Respondent, Appellant, v. WILLIAM STANLEY MILLER, President, and HUBERT T. DELANY, and Others, Constituting the Tax Commission of the City of New York, Appellants, Respondents. Taxes for years 1938–39, 1939–40 and 1940–41.— Appeal by commissioners of taxes and assessments of the city of New York from an order confirming the report of an official referee reducing the assessments of improved real property for the years 1938–1939, 1939–1940 and 1940–1941. Order reversed on the law and the facts and certiorari proceedings dismissed, with fifty dollars costs and disbursements. The evidence adduced by the relator failed to overcome the presumption that the assessments are correct. The earnings, as estimated by the relator's witness, when properly broken down and allocated, justify the assessments made. Cross-appeal by the relator dismissed, without costs. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur. [See post, p. 843.]

JOHN C. ROCHESTER, Respondent, v. HUGH G. BERGEN, E. BRUCE FOWLER, WILLIAM L. ROCHESTER and ROCHESTER ROPES, INC., Appellants.— In an action for specific performance of a written contract and to restrain interference with performance of such contract, order denying motion to vacate, in part, plaintiff's notice of examination of defendants before trial, except as to such items as have been specifically eliminated, modified on the law by inserting in the first ordering paragraph between the figures " 8 " and " 16 " the following: " 12," " 13," " 14 " and by inserting after the figure " 19 " the following: " and 22;" by striking out the second ordering paragraph and providing in lieu thereof the following: " Ordered that the provisions in the notice of examination before trial directing the defendant E. Bruce Fowler to appear for examination be vacated, without prejudice to an application by plaintiff to take the testimony of such defendant by deposition or open commission without the State or to renew the application in the event that he becomes available within the State;" by striking out the third ordering paragraph, without prejudice to an application by plaintiff, pursuant to the Civil Practice Act (§ 296), for production of books and records, and by inserting in the fourth ordering paragraph between the words " of " and " defendants " the following: " the remaining." The examination will proceed at the place stated in the order on ten days' notice by plaintiff. As so modified, the order, in so far as appealed from, is affirmed, without costs. The substance of items " 12 " and " 13 " is admitted by the defendants, and an examination is needless. Item " 14 " seeks to elicit a conclusion rather than facts, and, moreover, plaintiff will not be permitted to show that the corporation which he was admittedly instrumental in creating was conducted as a partnership. Item " 22 " also seeks to elicit a conclusion rather than the facts. The examination of the defendant Fowler should be by deposition or by open commission without the State, as defendants concede that he is a resident of Canada, and it is not satisfactorily shown that he is available for examination in this State. The provision for the production of books and records by the defendants was improperly inserted in the order, since no order had been made at the instance of the plaintiff directing such production in accordance with the Civil Practice Act (§ 296). Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.