THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM KENNETH BARNES, Defendant.

County Court, Wayne County, February 20, 1950.

*Marshall E. Livingston, District Attorney,* for plaintiff.

*James P. Donovan* for defendant.

BRASSER, J. Defendant was indicted by the Grand Jury of Wayne County on a charge of violating subdivision 5 of section 70 of the Vehicle and Traffic Law in that he operated a motor vehicle while in an intoxicated condition, after having been convicted of operating a motor vehicle while intoxicated — a felony.

He moves for an inspection of the Grand Jury minutes and for a dismissal of the indictment.

Defendant was injured in an automobile collision and was taken to Dr. Brigham in Macedon at about 12:30 A.M. for medical treatment. Thereafter and at about 2:00 A.M. he returned to Dr. Brigham's office in company with a State trooper for the sole purpose of having a blood sample taken to determine its alcoholic content. This specimen was taken with defendant's consent and approval by Dr. Brigham who rendered no medical services and did not make the blood analysis. The specimen was then taken by the trooper to a pathologist who made the analysis.

Defendant contends that the relationship of physician and patient having been previously established, any information obtained by Dr. Brigham was privileged under the prohibition of section 352 of the Civil Practice Act and was not available as evidence in court unless formally waived as provided by section 354 of the Civil Practice Act.

On a motion for examination of the grand jury minutes, the court takes the evidence unexplained and uncontradicted, and the motion should be denied unless the court is satisfied that the dismissal of the indictment is fairly arguable. (*People* v. *Mitchell,* 140 Misc. 869.)

No motion papers have been filed with the court.

To justify inspection of grand jury minutes, the moving papers must show that a reasonable effort has been made to learn what was testified before the grand jury, what was learned, what information was not obtainable and the reasons therefor; that the motion is in good faith; that defendant believes that the grand jury received other than legal evidence to such an extent as to invalidate the indictment and that the legal evidence is insufficient to warrant the indictment. (*People*

v. *Teal,* 60 Misc. 517; *People* v. *Glen,* 173 N. Y. 395; *People* v. *Cruise,* 71 Misc. 602; *People* v. *May,* 158 Misc. 488.)

The testimony of a physician is not privileged except when his information is " acquired in attending a patient in a professional capacity," and where such information was necessary to enable him to act in that capacity. (Civ. Prac Act, § 352.)

The Court of Appeals has held many times that the burden is upon the party seeking to exclude the testimony of a physician to bring the case within the statutory provisions. (*People* v. *Schuyler,* 106 N. Y. 298; *People* v. *Koerner,* 154 N. Y. 355.)

A careful examination of the minutes convinces me that Dr. Brigham, at the time the blood specimen was taken, was not attending the defendant in a professional capacity, and that he did not prescribe for the defendant on that occasion. Moreover, since Dr. Brigham did not analyze the specimen, he cannot, of course, testify regarding its alcoholic content.

If defendant's argument were tenable, it is difficult to conceive of a situation when a sample of a defendant's blood could be taken by a physician, and the statute could not be raised thereafter as a bar to the introduction of evidence as to alcoholic content.

I find that there was sufficient legal evidence to support the indictment.

The motions to inspect and for a dismissal are therefore denied.

Submit order.