(March 20, 1952.)

STEPHANIA A. JENDRASIK, as Administratrix of the Estate of HARRY S. JENDRASIK, Deceased, Respondent, v. SOUTH BUFFALO RAILWAY COMPANY, Appellant.—

Memorandum: In this action, the plaintiff demands damages for the negligent death of her intestate. The plaintiff served notice of examination of the defendant corporation, as an adverse party, before trial. The defendant moved to vacate the notice. The Special Term denied the defendant's motion except as to certain matters. Defendant appeals from so much of the order as (1) permits the examination of one Thompson who was a yardmaster in the employ of the defendant; (2) so far as the order permits the examination of the officer or employee "in charge of accident case records" and (3) so far as the order permits and orders the production of records and documents which "are pertinent and pertain directly to the occurrence of the accident". While said Thompson was an employee of the defendant and still is, he was not, at the time of the accident, engaged in the course of his employment and was exercising no functions as representative of the defendant. He was merely a bystander who witnessed the accident. He may not be examined as an officer or employee of the defendant as an adverse party. That portion of the order which permits the examination of Thompson as a representative of the defendant should be reversed and the examination denied without prejudice to the plaintiff to seek his examination as a witness under the provisions of section 288 of the Civil Practice Act. That portion of the order which permits the examination of an officer or employee in charge of accident case records must be reversed and examination denied. (See *Di Laura* v. *State of New York*, 275 App. Div. 639.) Likewise, insofar as the order permits and orders the production of records and documents pertinent directly to the occurrence of the accident, it must be reversed and production denied. The production of books and records may be had by order only and not by notice. (Civ. Prac. Act, § 296; *Rochester* v. *Bergen*, 263 App. Div. 733.) The plaintiff made no cross motion to extend the examination as was done in *Ainsworth* v. *Cooper Underwear Co.* (227 App. Div. 837). All concur, except Wheeler, J., who dissents in part and votes to affirm that part of the order that permits an examination as to Harry E. Thompson. (Appeal from part of an order permitting an examination before trial.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ. [See *post*, p. 1143.]

In the Matter of the Estate of SARAH A. WEILAND, Deceased. IRVING D. JONES, Appellant; ELIZABETH HODGSON, as Executrix of ROSCOE E. JONES, Deceased, Respondent.—

All concur. (Appeal from an order construing a will and dismissing the petition for a compulsory account.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [201 Misc. 129.]