UNITED STATES ex rel. TENNESSEE VALLEY AUTHORITY v. BENNETT et al.

Civ. A. No. 779.

United States District Court E. D. Tennessee, Northeastern Division.

March 13, 1953.

Jos. C. Swidler, Gen. Counsel for T.V.A., Chas. J. McCarthy, Asst. Gen. Counsel, for T.V.A., James H. Eldridge, Knoxville, Tenn., for plaintiff.

Frank Bryant, Thos. E. Mitchell, Johnson City, Tenn., Wm. F. Guinn, Johnson City, Tenn., for respondents.

ROBERT L. TAYLOR, District Judge.

This is a condemnation proceeding in which the plaintiff is taking a tract of land in fee simple and a flowage easement over a second tract, both incident to the construction by the Tennessee Valley Authority of Boone Dam on the South Fork of the Holston River. Complaint and declaration of taking have been filed, an order of possession has been entered, and commissioners have been appointed to determine the compensation to which the landowners are entitled for the property and rights taken. Following denial by the Court of motions by the property owners for a more definite statement as to the nature and extent of the acquisitions, the respondents have served upon the plaintiff a set of 60 interrogatories. Plaintiff has responded to 31 of the interrogatories and objected to the remainder. Respondents have subsequently in their brief conceded that six of the remainder need not be answered. Objection to answering the remaining 23 interrogatories is based mainly on the grounds that they call for opinions or for appropriation of portions of the work product of the plaintiffs' attorneys, including names of witnesses and copies of reports, if any, that have been made on behalf of the plaintiff.

The Court is of the opinion that plaintiff should not be required to answer those interrogatories that have been objected to. In this connection, when referring to the plaintiff, the Court has in mind the Tennessee Valley Authority, designated herein as T.V.A. It is the Court's view of certain of these interrogatories that they do call for expressions of opinion, also that attorneys for T.V.A. should not be required to express opinions or make statements that might later be urged against T.V.A. by way of estoppel or as evidence before the commissioners in relation to the extent of the taking and the compensation that should be awarded therefor.

As to disclosing the names of witnesses and of persons who have made studies of the land situation involved, together with filing of copies of reports, there is nothing peculiarly disadvantageous to respondents in plaintiff's access to proof, either in the selection of witnesses or the making of studies of the land situation. In the preparation of its case to be urged before the commissioners, T.V.A. attorneys have done what attorneys for the landowners could also do. In this situation, there could hardly be any show of necessity for invasion of the work product of the T.V.A. attorneys. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

Apparently the landowners are most concerned in regard to a sewer line located within the area of the flowage easement and a septic tank within the same area, the right to build which the plaintiff is not taking. The sewer line and the projected septic tank are of concern to the landowners because of the existence of a slaughterhouse on land that is not being taken but which is near that covered by the flowage easement. T.V.A. is not taking the sewer line right but is disclaiming liability for any functional failure of the line from the

impounding of water in the Boone Dam reservoir. T.V.A. is not taking the right of the respondents to construct a septic tank below the high-level limit of the taking of the flowage easement, but T.V.A. disclaims liability for any failure of the septic tank to function properly.

Some of the interrogatories call upon plaintiff to construe the language of the complaint and declaration of taking that relates to the sewer and septic tank, including the effect of the language on the extent of the taking and the nature of rights that are not taken. It is the Court's opinion that the language of the complaint and the declaration of taking are sufficiently clear to enable respondents to formulate their responsive pleading and to enable the commissioners to determine the extent of the taking. Whether the taking of the flowage easement will in fact amount to the taking of the sewer line, is a matter to be determined by the commissioners upon the submission of evidence. Whether, short of a complete taking, there will be interruptions in the functioning of the sewer line is a matter in the realm of probability or improbability on which the commissioners no doubt will hear proof in arriving at just compensation.

In the case of United States ex rel. and for Use of Tennessee Valley Authority v. Russell, D.C., 87 F.Supp. 386, it is observed by the Court that what property and rights the condemnor acquires are those which it specifically takes. What the condemnor does not specifically take remains in the ownership of the respondents. It may be assumed for present purposes that respondents had a right of sewage disposal and the means of exercising the right, but it remains to be determined by the commissioners whether the mentioned septic tank is projected as a substitute for an existing tank or suggested as a means of mitigating damages that may arise from interference with existing disposal means, including the sewer line. It is also within the functions of the commissioners to determine to what extent the disclaimer by T.V.A. of liability for failure of the septic tank enlarges the taking with respect to the right of sewage disposal and the means of exercising the right.

In the Russell case cited above, the Court observed that under this power of eminent domain T.V.A. could take an easement with immunity from liability for future damages, or without such immunity. In the case here T.V.A. has determined to take with immunity from liability as to future damages in respect to the sewage disposal system. This form of taking materially affects the question of just compensation, and proof thereon will be a matter of evidence to be considered by the commissioners. Although the language of the declaration of taking indicates that there is no taking of the sewer line and the right to its continued use by the respondents, whether the impounding of water will in effect destroy the usefulness of the sewer line and result in an actual taking remains to be determined, not by the pleadings or by way of interrogatories and answers, but by the case as it is established before the commissioners in the determination of just compensation.

Accordingly for the reasons above indicated T.V.A. should not be required to respond to the interrogatories as to which they have objected.