WAYNE VAN HEUVERZWYN, an Infant, by ANNA VAN EEUVERZWYN, His Guardian ad Litem, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 32348.)

Court of Claims, November 9, 1954.

*Alfred J. Moorhead* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*David V. Seaman* of counsel), for defendant.

MAJOR, J. This is a motion for discovery, inspection and examination before trial.

The claim asks for damages alleged to have been suffered by Wayne Van Heuverzwyn, an inmate of the Syracuse State School for mental defectives, by reason of the negligence of the State of New York, in connection with the attendance of such infant in a vocational training class which he was required to attend at the direction and under the control of the agents and employees of the State, and pertaining specifically to the operation and use of an electric saw and other power-driven machinery in woodworking operations and training.

The requests for discovery and inspection set forth in requests 1 and 2, are denied. (*Maloney v. State of New York,* 282 App. Div. 850.)

Request " (k) " in paragraph 3 is denied as not being a proper matter for inquiry when the person to be examined is not definitely designated and known competent to give expert testimony on the subject matter

All other requests are granted to be made within the provisions of section 17 of the Court of Claims Act as limited by section 296 of the Civil Practice Act. (*Dunbar & Sullivan Dredging Co.* v. *State of New York,* 174 Misc. 743; Mental Hygiene Law, §§ 20,34.)

The State objects to the following requests contained in paragraph 3: " (c) The nature and extent of the injuries sustained by the claimant and the treatment therefor " and " (j) To examine the proper person as to the records of the course of study undertaken by the claimant up to the date of the accident and his physical and mental condition prior to said accident " for the reason that such matters are privileged and no waiver has been made as provided by section 354 of the Civil Practice Act.

A guardian ad litem is a special guardian appointed by the court to prosecute or defend, in behalf of an infant, a suit to which he is a party. (43 C. J. S., Infants, § 107.) Such a guardian is considered an officer of the court to represent the interests of the infant in the litigation. (43 C. J. S., Infants, § 107.)

For such purposes, the guardian ad litem is the personal representative of the infant and has the power of waiver under section 354 of the Civil Practice Act. The filing of the claim herein, the proof of the subject matter of which necessitates the use of ordinarily privileged matter, constitutes a waiver of such privilege. (*Matter of Warrington* [*State of New York*], 277 App. Div. 1076, affd. 303 N. Y. 129; *Eder* v. *Cashin,* 281 App. Div. 456.)

The burden is upon the party seeking to exclude the testimony of a physician to bring the case within the statutory provisions. (*People* v. *Barnes,* 197 Misc. 477; 1 McCullen on Examinations Before Trial, §§ 265, 266, 267.)

The objections of the State to such requests " (c) " and " (j) " are overruled.

Motion granted as hereinabove stated. Submit order accordingly.