Bernard Ryan, P. J.
By notice of motion dated August 30, 1955, returnable September 14, 1955, the claimant applied for an order granting an examination before trial of the State of New York by the superintendent or senior director of Kings Park State Hospital and such other doctors and attendants at said institution who had personal knowledge of the facts involved in the claim. The application requested examination on 10 items detailed in the notice. Although two items were modified the order directed that all 10 were granted without opposition. We are concerned here only with Item 9 which was not modified and which read as follows: ‘ ‘ All reports and investigations, inquiries made by Kings Park State Hospital, its officials, supervisory staff, Superintendent and/or others therein with respect to the facts and circumstances relating to the occurrence of May 18, 1953 ”.
The examination proceeded to a point where the assistant attorney-general raised a question of privilege with respect to certain institution reports on the accident which befell claimant while he was an inmate and which accident is the basis of this suit against the State. The practice of proceeding with the examination and raising the question of privilege at the point where it appears that the witness is about to be asked a question which may disclose a confidential communication has been recognized and approved. (Berkliff Undergarment Corp. v. Weissman, 277 App. Div. 964; Matter of La Vigne, 107 N. Y. S. 2d 260; Matter of Village of Lawrence [Hides Development Corp.], 285 App. Div. 823.)
*934 The privilege claimed is that the reports, investigations and inquiries on which it is sought to examine the State’s employees are the work product of the lawyer for the defense and fall within the protection of section 353 of the Civil Practice Act. It is the claimant’s position that the Attorney-General, by failing to object upon the return day of the original motion, cannot now claim the privilege. The examination is held in abeyance while the issue is submitted to us for decision.
It is our opinion that the Attorney-General’s failure to object prior to the entry of Judge Sylvester’s order did not constitute a waiver, if privilege exists. Section 354 of the Civil Practice Act provides that the privilege defined in section 353 applies unless expressly waived by the client upon the trial or examination. It further provides that a paper executed by a party prior to the trial providing for such waiver shall be insufficient as such a waiver. Sufficiency of waiver may, however, be provided by stipulation. We have no stipulation here. The privilege, if it exists, belongs exclusively to the client. (6 Car-mody-Wait on New York Practice, p. 531; see, also, Rubin v. Equitable Life Assur. Soc., 269 App. Div. 677; Eder v. Cashin, 281 App. Div. 456; McCullen on Examinations Before Trial, § 413.)
The question here is: Do the reports of investigations, examination of which is sought by this claimant, fall within the category of privileged communications'? If they constitute the work product of the attorney access to them must be denied (Hickman v. Taylor, 329 U. S. 495). And the report of an accident made by an employee of a defendant has been held to be not a record made in the regular course of business. (Palmer v. Hoffman, 318 U. S. 109.)
We recognize, of course, that the burden of showing the existence of circumstances which justify his claim is on the one who claims the privilege. (Bloodgood v. Lynch, 293 N. Y. 308-314; Van Heuverzwyn v. State of New York, 206 Misc. 896.) There is here no affidavit by the assistant attorney-general to the effect that either he, or other counsel to the State or to the State institution’s staff, directed the investigation or the preparation of the reports access to which is here demanded. It seems to us pertinent to recall that such an affidavit was in the record of Di Laura v. State of New York (275 App. Div. 639). (See Ely v. State of New York, 204 Misc. 502.) Because of the fact that there was such an affidavit in the record in the Hi Laura case, we hold to the opinion that the Fourth Department’s decision therein was not as far-reaching as has been claimed for it. (See Jendrasik v. South Buffalo Ry. Co., 279 *935 App. Div. 979; Maloney v. State of New York, 282 App. Div. 850.) Nevertheless, we come to the conclusion in this case that the language of Item 9 is so broad that to direct the witnesses to answer the questions propounded would invade the area of the attorney’s work product. For that reason the application of the claimant herein for an interpretation of the order, heretofore entered on September 29, 1955, which would require the witness or witnesses to answer the questions upon which the Attorney-General has claimed privilege, is denied.
The examination before trial having been otherwise completed it should now be brought to a close, with a report made and the case prepared for trial when reached upon the calendar for the next regular term of court in the New York district.
Submit order accordingly.