92 So.2d 817 (1957)
John J. SAVINO and Leona A. Savino, Petitioners,
v.
James LUCIANO, individually and d/b/a Dale Contracting Company, Respondent.
Supreme Court of Florida, Special Division B.
February 20, 1957.
*818 Miller & Miller, Fort Lauderdale, for petitioners.
Anderson & Gundlach, Fort Lauderdale, for respondent.
ROBERTS, Justice.
We here review on certiorari an order of the lower court entered upon petitioners' motion under Rule 1.28, Fla. Rules Civ.Proc., 30 F.S.A., for the production of books, records and accounts of the respondent. The court denied the motion as to a report and audit prepared by a certified public accountant for the respondent on the ground that the report and audit was privileged under the provisions of Sec. 473.15, Fla. Stat. 1955, F.S.A.
The instant litigation was initiated by the petitioner John Savino ("plaintiff" hereafter) in a suit against the respondent ("defendant" hereafter) for an accounting and for profits alleged to be due him under an employment contract with defendant. The defendant filed an Answer and a Cross-claim and Counterclaim, alleging that nothing was owed to the plaintiff under the contract, as shown by an audit of a certified public accountant, and averring that plaintiff, as bookkeeper, had manipulated the books to show a net income where none existed and that defendant had paid plaintiff $8,000, as draws on profits, "in ignorance of the true financial condition of Dale Contracting Company, which was subsequently discovered in an audit by a certified public accountant following termination of [plaintiff's] employment with defendant. * * *" He also alleged that plaintiff had embezzled the company's funds. He stated that it was necessary to employ a certified public accountant to audit and reconstruct the books of account of the business "for reasons aforesaid" and that plaintiff ought to pay the fee of the certified public accountant. He prayed for damages for the alleged overpayment of profits and the embezzled funds, "plus a reasonable fee for services rendered to defendant  counter and cross claimant by said certified public accountant. * * *" (Other allegations respecting a lien against property owned by plaintiff and his wife were made, and the wife was joined as a party cross-defendant and is one of the petitioners here.)
Two issues are argued here: (1) whether the "privileged" status granted by Sec. 473.15, supra, to communications between a certified public accountant and his client attaches to the report and audit in the circumstances here; and (2) assuming arguendo that it does, whether the defendant is barred under the principles of waiver or estoppel from claiming the privilege. *819 In the view we take of the second question it is not necessary to decide the first.
There can be no doubt that at the trial the defendant will rely on the audit and report in proof of his defense and counterclaims. The allegations of his pleadings lead inescapably to that conclusion. The anomaly of his position is immediately apparent: for the purpose of barring the discovery procedure, the audit and report is confidential and privileged; for the purpose of proving his case, it is not. Inherent in the problem is the question of whether, should his plea of privilege be sustained in the discovery proceedings, the defendant would be allowed to place the audit and report in evidence at the trial, as against a plea of quasi-estoppel applicable to a litigant who attempts to occupy inconsistent positions during the course of litigation. See Hodkin v. Perry, Fla. 1956, 88 So.2d 139 on this point. But this question need not be decided since we think the defendant has waived the right to insist upon the privileged nature of the audit as a bar to the discovery motion.
As in the case of all personal privileges, the accountant-client privilege may be waived by the client. And, as in all confidential and privileged communications, "[t]he justification for the privilege lies not in the fact of communication, but in the interest of the persons concerned that the subject matter should not become public." Judge Learned Hand speaking in United States v. Krulewitch, 2 Cir., 145 F.2d 76, 79, 156 A.L.R. 337. When a party himself ceases to treat a matter as confidential, it loses its confidential character. Cf. Ludwig v. Montana Bank & Trsut Co., 1940, 109 Mont. 477, 98 P.2d 377, 388; Wise v. Haynes, Tex.Civ.App. 1937, 103 S.W.2d 477, 481. And when a party has filed a claim, based upon a matter ordinarily privileged, the proof of which will necessarily require that the privileged matter be offered in evidence, we think that he has waived his right to insist, in pre-trial discovery proceedings, that the matter is privileged. See Van Heuverzwyn v. State, 206 Misc. 896, 134 N.Y.S.2d 922, 924.
We hold, therefore, that the defendant in the instant case has either expressly or impliedly waived the right to insist upon the privileged nature, if any, of the audit and report. The provision of Sec. 473.15, supra, that "no such certified public accountant or public accountant shall be permitted to testify with respect to any of said matters, except with the consent in writing of such client or his legal representative" is not applicable to the factual situation here.
For the reasons stated, certiorari is granted and the order here reviewed is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
TERRELL, C.J., and DREW and O'CONNELL, JJ., concur.