Sidney Squire, J.
On this motion of claimants for an examination before trial of the adverse party, the following factual situation is of import: Steven Kossar, infant claimant herein, is now 14 years old. Heretofore he was hospitalized at Willow-brook State School maintained by the State of New York for the care of mental defectives. The claimant herein pleads that while a patient thereat an open safety pin became lodged in his throat, causing damages caused by the defendant’s alleged negligence.
By an order of this court, the boy’s father, with whom he had lived, was appointed guardian ad litem for the infant son. The father also claims damages on his own behalf as a result of the afore-recited negligence.
*942 The reply affidavit of Mr. Marcus, claimants’ counsel, states that “ the infant, 13 years of age, is blind and because of damage to the brain was and is mentally and physically defective to the extent that he cannot talk, feed himself, dress himself or take care of any of his personal needs. His Stamford-Binet score was 10.” The affidavit continues: “ That no committee has been appointed for the infant because he has no property, and the appointment of a committee would be an unnecessary burden here.”
Claimants move for an examination before trial of the State’s employees at Willowbrook State School and for the production of Steven’s hospital records, pursuant to section 20 and subdivision 9 of section 34 of the Mental Hygiene Law, as well as for the purposes set forth in section 296 of the Civil Practice Act.
The State does not oppose the oral examination before trial as requested or the auxiliary use of the hospital records pursuant to said section 296. However, ‘ ‘ The State opposes that portion of the motion which requests an inspection of the hospital records of claimant, on the ground that the Guardian ad Litem is not a proper party to this application. ’ ’
In further opposition, the State also cites sections 352 and 354 of the Civil Practice Act. Certain opinions are cited in support of said statutory proscriptions of physician’s disclosure of professional information and confidential communications. In none of those cases was the situation legally and factually similar to the one at bar.
Matter of Warrington (State of New York) (277 App. Div. 1076, affd. 303 N. Y. 129) did not hold that “ a Guardian ad Litem is not a proper party to waive the privilege which attaches to the hospital records of an inmate of a State institution.” Throughout the unanimous Per Curiam opinion of the Appellate Division, Third Department, the language used was ‘ legal representative ” and “ a proper legal representative ”.
In the Court of Appeals, that case and Mulligan v. State of New York were considered and determined together. Judge Lewis (later Chief Judge) wrote for the unanimous court in affirming the Warrington decision and reversing the Mulligan one.
Mulligan was the public administrator of a decedent allegedly killed while a patient at Kings Park State Hospital. Warring-ton was the committee of an incompetent who was hurt at the same State hospital. Nowhere, as we read the opinions, was it stated directly or inferentially, that the determination reached and reasoning employed could not be utilized by a guardian ad litem.
*943 We prefer to follow and quote Judge Charles T. Major of this court in Van Heuverzwyn v. State of New York (206 Misc. 896,897):
‘ A guardian ad litem is a special guardian appointed by the court to prosecute or defend) in behalf of an infant, a suit to which he is a party. (43 C. J. S., Infants, § 107.) Such a guardian is considered an officer of the court to represent the interests of the infant in the litigation. (43 C. J. S., Infants, § 107.)
‘ ‘ For such purposes, the guardian ad litem is the personal representative of the infant and has the power of waiver under section 354 of the Civil Practice Act. The filing of the claim herein, the proof of the subject matter of which necessitates the use of ordinarily privileged matter, constitutes a waiver of such privilege. (Matter of Warrington [State of New York], 277 App. Div. 1076, affd. 303 N. Y. 129; Eder v. Cashin, 281 App. Div. 456.) ”
We are not unmindful and have due respect for other opinions to the contrary. However, at bar and in similar cases, it appears doubtful whether the expensive machinery of our courts should be employed in a mental adjudication proceeding with the essential trial by jury and appointment of a committee in a case where the only asserted asset is an alleged chose in action.
At bar, no motion was ever made to dismiss the claim or that portion of the claim alleging the cause of action of the guardian ad litem.
In any event and regardless of all of the foregoing, in the interest of justice, upon the facts set forth on the instant motion, we shall utilize the legal discretion resident in “ a Judge of a court of record ”. As Judge Lewis wrote in Matter of Warring-ton (State of New York) (303 N. Y. 129, 136, supra): “ Moreover, section 20 and section 34, subdivision 9, of the Mental Hygiene Law, quoted above, clearly indicate that hospital records pertaining to an incompetent shall be accessible on ‘ an order of a judge of a court of record. ’ The order of a Judge of the Court of Claims comes within that statutory provision
Claimants ’ motion is granted.