Sidney Squire, J.
Rulings have been requested on objections to questions propounded during an examination before trial of a State employee. After hearing oral arguments of counsel, each of them has submitted an excellent memorandum of law.
An employee of the Brooklyn State Hospital is being examined by claimant’s counsel pursuant to an order of this court containing embracing language in the style of recent amendments to rule 121-a of the Rules of Civil Practice.
The claim at bar alleges inter alia that the incompetent claimant, while a patient at Brooklyn State Hospital, was assaulted there by a fellow patient, Frank Delloiacova, for which damages are sought from the State.
On said oral examination before trial, claimant has called for the production of the hospital records relating to the alleged assailant, Frank Delloiacova. The State objects thereto, citing sections 352 and 354 of the Civil Practice Act, relating to privileged communications between a physician and patient. It is rightly emphasized that the incompetent claimant is not requesting his own files but that of another patient, legally a stranger to him. The objections are overruled as limited herein.
Justice and law are not blind to practicalities. Something happened to the incompetent-claimant while under the care of the State at Brooklyn State Hospital, resulting in serious injuries to said incompetent.' He is and was non compos mentis. The least a court should do for him is to enable him to have a real day in court, particularly in this specialized court.
We recognize the time-honored need for protecting confidential communications which should remain inviolate unless the exigencies of a legal situation demand a change under the specific circumstances. That situation exists at bar.
In our view, Matter of City Council of the City of N. Y. v. Goldwater (284 N. Y. 296). is not applicable herein. There a special committee of the city’s legislative body had served a subpoena duces tecum upon the Commissioner of Hospitals of the City of New York and the medical superintendent of a city hospital, for the production of hospital records relating to the diagnoses and treatments of many mental patients. The legislators claimed that such information was required in connection with an investigation conducted by it. The Court of Appeals denied that application. Obviously, that is a far cry from the need at bar.
Nor do we agree with that portion of Scolavino v. State of New York (187 Misc. 253, 260) where a distinguished jurist wrote ‘ ‘ that the relationship of physician and patient does not *248 exist between State hospital physician and mental defective inmate to the extent that communications between them are absolutely barred from disclosure by section 352 of the Civil Practice Act (On the appeals, this legal question was not before the appellate courts when the Appellate Division, 271 App. Div. 618, modified the court below and the Court of Appeals, 297 N. Y. 460, affirmed that modification.)
In an opinion yesterday, Kossar v. State of New York (13 Misc 2d 941), we quoted Judge (later Chief Judge) Edmund H. Lewis in Matter of Warrington (State of New York) (303 N. Y. 129, 136) as follows: “Moreover, section 20 and section 34, subdivision 9 of the Mental Hygiene Law, quoted above, clearly indicate that hospital records pertaining to an incompetent shall be accessible on ‘ an order of a judge of a court of record. ’ The order of a Judge of the Court of Claims comes within that statutory provision ”.
Under the authority vested in us in the cited sections of the Mental Hygiene Law, we are now exercising such legal discretion in overruling the State’s objections and directing the State to produce the requested hospital records. However, when the i ecords are produced, they shall not be utilized as a discovery and inspection which would be permitted pursuant to the Mental Hygiene Law if claimant sought an examination of his own records. Here, where the hospital records relate to another person, the records shall be produced for use in accordance with section 296 of the Civil Practice Act.
Moreover, on said oral examination before trial, the same shall be limited as directed in Montgomery Trust Co. v. State of New York (283 App. Div. 1008), with respect to professional opinions as to the propensities of the alleged assailant.
For the guidance of counsel, we should further add that our views are in accord with those expressed by Ryan, P. J., in Boykin v. State of New York (13 Misc 2d 1037).
Finally, Judge (now Chief Judge) Albert Conway pointed out in Matter of Coddington (307 N. Y. 181, 194) that on a trial, objections as to confidential and privileged communications may be revoiced with respect to matters ascertained through the medium of section 20 and subdivision 9 of section 34 of the Mental Hygiene Law.
State’s objections are overruled as herein set forth.