Sidney Squire, J.
Claimants move to examine the defendant before trial and for the production of certain of defendant’s records, etc., auxiliary thereto.
The records involved relate to a man named Louis Sensale who, according to claimants’ pleading and bill of particulars, assaulted the female infant claimant after Sensale’s discharge from a State hospital “ while said person still suffered a serious mental illness and while such person was in such a mental condition he was known to be a dangerous person to society ” (sic, par. 4 of the claim). The State’s opposition is based on section 352 and section 354 of the Civil Practice Act, relating to privileged communication between a physician and patient.
*1099 This legal question was recently considered and determined by the Appellate Division, Third Department, in Boykin v. State of New York (7 A D 2d 819) and in Torres v. State of New York (14 Misc 2d 246).
Although claimants’ motion papers do not rely on section 20 and subdivision 9 of section 34 of the Mental Hygiene Law their brief does refer thereto. We are utilizing said sections as a matter of judicial discretion in the interest of justice, as well as the sections of the Civil Practice Act and a Rule of Civil Practice recited in the moving papers.
Claimants’ motion is granted except as to those portions of the State’s records referring to Sensale’s “propensities, diagnoses and prognoses.”
Settle order on notice.