122 So.2d 215 (1960)
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, Petitioner,
v.
P.A. SHELL et al., Respondents.
No. 1638.
District Court of Appeal of Florida. Second District.
July 20, 1960.
Rehearing Denied August 3, 1960.
*216 Clyde G. Trammell, Jr., Tallahassee, for petitioner.
William G. Carver, of Carver, Langston & Massey, Lakeland, for respondents.
SHANNON, Judge.
Petitioner is seeking a writ of certiorari to review an interlocutory order entered in an action at law in the lower court.
As defendants in an eminent domain proceeding below, the respondents had filed a motion asking for an order commanding the petitioner to produce for inspection, examination, copying or photographing all surveys, drawings, maps, plats, road construction statistics, specifications, appraisals, appraisers' work sheets and all other documentary evidence affecting or purporting to affect or reflect valuation of the defendants' lands. Upon this motion the court below entered an order providing that within ten days from that date the petitioner should produce the data above referred to for examination, inspection, copying or photographing said exhibits. The order recites that the purpose of discovery under Florida Rule of Civil Procedure 1.28, 30 F.S.A., is to expedite the progress of litigation and to conserve time and out-of-pocket expense for the parties.
The question, as posed by petitioner, is whether or not the condemnor in an eminent domain proceeding may be required to furnish the defendant, prior to answer by defendant or trial, all information it has concerning valuation of the defendant's property. While this question is phrased as a single question, it still has two aspects, (1) whether or not certiorari will lie, and (2) if certiorari will lie, whether or not the lower court was correct in entering the order.
From a review of authorities we are convinced that certiorari will lie. Ordinarily, this writ is not available to review an interlocutory order in law, but to this general rule an exception has been taken in cases where questions are raised similar to the one in the present case. Justice O'Connell, speaking for the court in the case of Brooks v. Owens, Fla. 1957, 97 So.2d 693, 695, said:
"This court will review an interlocutory order in law only under exceptional circumstances. Where it clearly appears that there is no full, adequate and complete remedy by appeal after final judgment available to the petitioner, this court will consider granting the writ, as where the lower court acts without and in excess of its jurisdiction, or the order does not conform to essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy *217 by appeal will be inadequate. Kauffman v. King, Fla. 1956, 89 So.2d 24; Huie v. State, Fla. 1956, 92 So.2d 264. See also 5 Fla.Jur. Certiorari Sec. 12."
An excellent discussion of this question is found in Judge Wigginton's opinion in the case of Boucher v. Pure Oil Company, Fla. App. 1957, 101 So.2d 408.
On the authority of Brooks v. Owens, supra, and the other Florida cases cited therein we hold that certiorari is the proper procedure to review the order herein attacked.
This cause was begun in the circuit court below where the petitioner had filed its petition seeking to condemn certain lands owned by the defendants for public highway purposes. An order of taking was entered by the trial court under the provisions of Chapter 74, Florida Statutes, F.S.A.
Rule 1.28, Florida Rules of Civil Procedure, provides in part:
"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 1.24(b), the court in which an action is pending, may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 1.21(b) and which are in his possession, custody, or control; * * *."
Federal Rule 34 is essentially identical to the Florida rule.
The respondents have referred us to the landmark case of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. The case at bar is on a somewhat different point, for the Hickman case was concerned with statements of various witnesses taken by one party's counsel. Here we are concerned with evidence supporting an estimate of valuation as determined by expert appraisers. However, the reasoning of the Supreme Court still applies, in that the work product of counsel is protected, absent a showing that (1) failure to allow such discovery would defeat the interests of justice, and (2) the information sought is not available from other sources.
The court below, in its order, cited the cases of Savino v. Luciano, Fla. 1957, 92 So.2d 817, and Sachs v. Aluminum Company of America, 6 Cir., 1948, 167 F.2d 570, 571. A study of these cases, however, reveals distinguishing factors which limit their applicability to the case at bar. In the Savino case the defendant's counterclaim hinged upon the accountant's books and the court therefore ruled that the defendant had waived the accountant-client privilege for discovery purposes. The Sachs case allowed the deposition of an X-Ray metallurgist in a patent case.
More closely on point are two other Federal cases, United States v. 7,534.04 Acres, D.C.N.D.Ga. 1954, 18 F.R.D. 146, and United States v. Certain Acres of Land, D.C.M.D.Ga. 1955, 18 F.R.D. 98.
In the case of United States v. 7,534.04 Acres, supra, the landowner sought by way of interrogatories to obtain information as to the names of the appraisers, method of their appraisal, and a breakdown of values. In sustaining objections to these interrogatories the court said:
"* * * Value of land is primarily a matter of opinion, which no doubt the Government, as well as the property owners, will prove to a large extent by expert witnesses. The land is open to inspection by all parties, no information concerning the same is sought from the Government that is not readily available to the defendants. The information *218 sought therefore, is necessarily information obtained by the Government in preparation of the trial of the case and in the opinion of this court is not obtainable by interrogatories. * * *."
The facts in United States v. Certain Acres of Land, supra, are almost identical to the facts in the above case, and the court comes to the same conclusion, that the information sought by interrogatories should not be allowed.
In United States ex rel. Tennessee Valley Authority v. Bennett, D.C.Tenn. 1953, 14 F.R.D. 166, 167, in a somewhat similar situation the court, in its opinion, stated:
"As to disclosing the names of witnesses and of persons who have made studies of the land situation involved, together with filing of copies of reports, there is nothing peculiarly disadvantageous to respondents in plaintiff's access to proof, either in the selection of witnesses or the making of studies of the land situation. In the preparation of its case to be urged before the commissioners, T.V.A. attorneys have done what attorneys for the landowners could also do. In this situation, there could hardly be any show of necessity for invasion of the work product of the T.V.A. attorneys. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451."
This court takes the view that the information sought below is a "work product" and the information is as readily available to the respondents as it was to the petitioner.
Writ is hereby granted and the order rendered by the court below and dated September 28, 1959, be and the same is hereby quashed.
ALLEN, C.J., and SANDLER, HARRY N., Associate Judge, concur.