## KNAUST BROS., Inc., v. GOLDSCHLAG et al.

District Court, S. D. New York.
March 31, 1939.

88

Kenyon & Kenyon, of New York City, for plaintiff.

Charles Sonnenreich, of New York City (Leonard A. Warren, of Coxsackie, N. Y., of counsel), for defendant.

MANDELBAUM, District Judge.

The defendant moves for an order requiring Leonard A. Warren, Esq., an attorney at law, to answer certain questions propounded to him upon his oral examination as a witness in the above entitled proceeding, and for the continuation of the examination of said witness.

The principal issue is whether the matter sought to be elicited from the witness is privileged by reason of the relationship of attorney and client existing between the witness and Herman Knaust and Henry Knaust, officers of the plaintiff corporation and the patentees herein. The attorney, the witness, in opposing this motion rests on his claim of privilege. The defendant contends that the matter sought to be elicited is not privileged and, even if it were, the patentees have sufficiently waived such privilege to require the attorney to answer the questions propounded.

■ It appears to be the rule that the privilege is that of the client alone and the latter may divulge his own secrets. The rule, however, states that if the client has voluntarily waived the privilege, the attorney may not insist upon claiming such privilege. See Hunt v. Blackburn, 128 U.S. 464, 470, 9 S.Ct. 125, 32 L.Ed. 488; In re Fisher, D.C., 51 F. 2d 424.

■ After carefully studying the papers with respect to the proposed questions asked of the witness and the authorities submitted by both sides, the court is of the opinion that the patentees have substantially disclosed the information sought from the witness, not only by their oral testimony given in examinations before trial, but in their bill of particulars furnished to the defendant, pursuant to an order of this court. Under these circumstances, the court is constrained to direct the witness to answer the questions propounded.

■ As to the defendant's further application for costs entailed in being compelled to make this application and expenses for the continuation of the examination in the Village of Coxsackie, County of Greene, State of New York, which is more than 100 miles distant from New York City, this application is denied.

Settle order on two days' notice fixing the time and place of continuation of the examination of Leonard A. Warren, Esq., as a witness.