## MASON v. NEW YORK CENT. R. CO.

Civ. A. No. 3886.

United States District Court
W. D. New York.

July 11, 1949.

See, also, 8 F.R.D. 637.

Glenn L. Buck, Rochester, for plaintiff.

Harris, Beach, Keating, Wilcox & Dale, Rochester, for defendant.

BURKE, District Judge.

Defendant moves for an order pursuant to Rule 37 of the Federal Rules of Civil

Procedure, 28 U.S.C.A., directing the taking of a further deposition of the plaintiff and directing him to answer questions relating to conferences and conversations had by plaintiff with members or associates of a firm of attorneys which represented him in a prior action in the state courts brought by him against this defendant, growing out of the same occurrence which furnishes the basis for the present action. Plaintiff claims to have been assaulted in October of 1945 by one of defendant's employees. He subsequently commenced an action against this defendant in the state courts for assault and battery. That action was settled in February of 1947. The plaintiff executed and delivered to the defendant's claim agent, in the presence of his former attorneys, a release in the form of a general release, for which he received $3500. The present action is brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Heretofore the defendant moved for summary judgment on the basis of the release. The plaintiff claimed, among other things, that the release was confined to the cause of action for assault and battery, and that the amount paid in settlement was to pay plaintiff for his lost time. The defendant now seeks to examine the plaintiff concerning transactions and communications between him and his former attorneys in an effort to ascertain from the plaintiff what was sought in the prior action and what was settled.

In opposition to the defendant's motion for summary judgment plaintiff tendered his own affidavit wherein he stated that he had retained his former attorneys in connection with the alleged assault and that said firm commenced said action in his behalf in the state courts for assault and battery, which was the only cause of action that these attorneys were instructed to prosecute, and that he did not know until he retained his present attorney that he had a cause of action under the Federal Employers' Liability Act. His offer of his own testimony as to the nature of the retainer of his former attorneys constitutes a waiver of the confidential communication which would otherwise be privileged.

Wigmore On Evidence, Second Edition, Section 2327, Pages 78-80.

The defendant may have an order directing the plaintiff to answer any and all questions relating to conferences and conversations had by the plaintiff with any members or associates of the firm of attorneys formerly representing him, limited, however, to the question of the nature and extent of the retainer and of the settlement.