CARROLL, CHAS., Judge.
On certiorari we are asked to review an order of the circuit court of Dade County, entered before trial in a common law action and dealing with discovery.
The trial court ruled that plaintiffs could take the discovery deposition of an expert who had been hired by the defendant’s counsel to examine a ladder involved in the accident out of which the case arose. Petitioner, the defendant below, contends that the expert’s examination and report and the conclusions he reached are privileged as their attorney’s work product. Respondents contend the matter is not thus privileged. We are shown no decisions of courts of this state to guide us on that question. But it need not be decided here, because if the privilege existed, it was waived when the defendant filed an affidavit by the expert regarding the ladder in support of its unsuccessful motion for summary judgment. See Savino v. Luciano, Fla.1957, 92 So.2d 817; Knaust Bros. v. Goldschlag, D.C.S.D.N.Y.1939, 34 F.Supp. 87; Munzer v. Swedish American Line, D.C.S.D.N.Y.1940, 35 F.Supp. 493; Wild v. Payson, D.C.S.D.N.Y.1946, 7 F.R.D. 495; Mason v. New York Cent. R. Co., D.C.W.D.N.Y.1949, 9 F.R.D. 334; United States v. Kelsey-Hayes Wheel Co., D.C.E.D.Mich.1954, 15 F.R.D. 461; Schwartz v. Travelers Insurance Co., D.C.S.D.N.Y. 1954, 17 F.R.D. 330; F. A. R. Liquidating Corporation v. Brownell, D.C.D.Del.1956, 140 F.Supp. 535.
Certiorari denied.
HORTON, C. J., and PEARSON, J., concur.