123 So.2d 572 (1960)
FORD MOTOR COMPANY, a Delaware corporation, Petitioner,
v.
Kathryn C. HAVEE and Justin P. Havee, Respondents.
No. 60-279.
District Court of Appeal of Florida. Third District.
October 6, 1960.
*573 Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and James A. Dixon, Jr., Miami, for petitioner.
Ross, Reinhardt & Preddy and Gilbert A. Haddad, So. Miami, for respondents.
PEARSON, Judge.
The defendant, Ford Motor Company, petitions for a writ of certiorari to be directed to the Circuit Court. The petition has as its object the reversal of that court's order requiring the defendant to produce a report of its expert given to the motor company upon the examination of a portion of plaintiff's car. We have assumed jurisdiction of the petition to decide the question pursuant to the exception set forth in Kauffman v. King, Fla. 1956, 89 So.2d 24, 26:
"Common-law certiorari is a discretionary writ and ordinarily will not be issued by this court to review interlocutory orders in a suit at law, since such errors as are made may be corrected on appeal. It is only in exceptional cases, such as those where the lower court acts without or in excess of jurisdiction, or where the interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate, that this court will exercise its discretionary power to issue the writ."
The plaintiffs, Kathryn C. Havee and Justin P. Havee, filed separate suits against the Ford Motor Company for personal injuries arising out of the alleged failure of the steering mechanism on a 1957 Mercury sedan, manufactured by the defendant and sold to the plaintiff, Justin P. Havee. Their complaints alleged that they were proceeding down the road in the car when suddenly they found themselves in the ditch because the car would not steer. Among other things, they alleged that the accident occurred because of a defective tie rod which broke. The company disclaimed any knowledge of a defective tie rod and demanded strict proof, and it appears that upon deposition Mr. Havee admitted that he still had *574 the tie rod and that he was keeping it for the day of trial.
Whereupon, the Ford Motor Company decided not to wait until the day of trial but to take advantage of the provisions of the Florida Rules of Civil Procedure for discovery. The trial judge required Mr. Havee to produce the tie rod for "examination and chemical analysis". For this purpose the motor company was allowed to have possession of the plaintiff's property for 30 days. Thereafter the motor company returned the auto part and Mr. Havee moved the court for an order requiring the defendant to furnish him with a copy of the report of examination. The judge entered an order requiring the production of the report.
The Ford Motor Company, as petitioner, urges that the trial court in the entry of the last mentioned order, acted without, or in excess of its jurisdiction, or that the order does not conform to the essential requirements of law. In essence, the basis of its petition is that to require the production of the report would not only work irreparable harm to the defendant, but would afford to the plaintiffs, benefit of the company counsel's preparation for trial and would thus deprive the defendant of the "work product" of its attorney. The parties deem that it is essential to determine whether the motion to produce the tie rod for examination and chemical analysis was made pursuant to Rule 1.28 or Rule 1.29 of the Florida Rules of Civil Procedure, 30 F.S.A. It is pointed out that Rule 1.28 is essentially a rule under which the court may in its discretion require a party to produce evidentiary material for inspection; while on the other hand, Rule 1.29 provides for an examination of a party or his property. It will be noted upon a reading of the two rules that Rule 1.28 makes no provision for the furnishing of a copy of the results of the inspection to the opposite party. Rule 1.29(b) (1) specifically provides for a copy of a report of the examiner, if requested. The appellant analyzes the two rules and reaches a conclusion that the essential difference between them is that the latter rule applies to cases in which the court appoints an expert to make an examination. The appellee urges that the essential distinction is that Rule 1.29 applies to cases of compulsory examination rather than an inspection of the party or the party's property. In this connection, it should be noted that Rule 1.29 is broader in scope than Federal Rule of Civil Procedure 35, 28 U.S.C.A., which it follows, in that it provides not only for an examination of a party by a physician, but also provides for the examination of injured property and that the examination may be by "a physician or other such qualified expert".
It is a well-settled principle of our adversary procedure that discovery may not be used to secure private memoranda of an adverse party's counsel formed in the course of his legal duties. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; This case was followed by the Supreme Court of Florida in Atlantic Coast Line R. Co. v. Allen, Fla. 1949, 40 So.2d 115, which held that discovery may not be used to examine the "work product" of the adverse party and it matters not whether the product is the creature of the party, his agent or his attorney.
It does not follow that the rule is without its exceptions. In Miami Transit Co. v. Hurns, Fla. 1950, 46 So.2d 390, 391, it was held that circumstances might arise which would require an opposing counsel to allow examination of data and material which he had prepared, in response to a petition for discovery. The court then listed the following circumstances in which discovery would be permitted: "* * * (1) when witnesses are no longer available or can be reached only by great difficulty, (2) if it gives clues to relevant facts that cannot be secured otherwise, or (3) for purposes of impeachment."
From this review of the matter, we have determined that the principle that a party will not be required to produce the *575 work product of its attorneys and agents to an adversary is applicable in this case, whether the provision for discovery was made under Rule 1.28 or Rule 1.29, Florida Rules of Civil Procedure, 30 F.S.A. This is true because both Rule 1.28 and Rule 1.29 are subject to the underlying principles of discovery above discussed. Thus viewed, Rule 1.29 provides for the furnishing of a copy of a report when the examination is performed by an expert designated by the court and to that extent the expert is an officer of the court.
We turn then to the record in the instant case, to determine whether the report of the condition of the tie rod is a "work product".[1] We think it is obvious that it must be considered such whether the examination was made by an employee of the defendant company or by a special expert who was an agent of the company to make the particular investigation. It is possible that this result could have been avoided by the court designating the expert and prescribing the conditions and scope of the examination, but the court did not do so.[2]
We turn next to the possibility that the report might fall within one of the exceptions to the above-mentioned rule that a party will not be required to furnish its own work product. There is nothing in the record of this case by way of recitation in the motion for the production of the report, in the order of the trial judge requiring the production of the report, or in the record of the proceedings upon the motion, which would lend any basis for a contention that the production of the report was necessary under any of the instances which have been recognized as exceptions to the rule. It was not shown that the tie rod was in any way damaged, disassembled, changed, or inaccessible to the same examination by the *576 plaintiffs.[3] It has not been shown to us how the withholding of the information sought would defeat the interests of justice, nor has it been shown that the same information sought is not as readily available to the respondents as it was to the petitioner. Cf. State Road Department of Florida v. Cline, Fla.App. 1960, 122 So.2d 827. State Road Department of Florida v. Shell, Fla.App. 1960, 122 So.2d 215; Boucher v. Pure Oil Co., Fla.App. 1957, 101 So.2d 408. We therefore hold that the order for the production of the report was without authority under the Florida Rules of Civil Procedure in that good cause was not shown,[4] and therefore the trial judge in the entry of said order failed to conform to the essential requirements of law. The petition for certiorari is granted and the interlocutory order quashed.
Petition granted.
HORTON, C.J., and CARROLL, CHAS., J., concur.
NOTES
[1] Some cases from the federal courts which have held that discovery from the adverse party's expert would not be permitted are as follows: Lewis v. United Air Lines Transport Corp., D.C.W.D. Pa. 1940, 32 F. Supp. 21 (unfairness to party who engaged the expert and no showing of good cause); Boynton v. R.J. Reynolds Tobacco Co., D.C.D.Mass. 1941, 36 F. Supp. 593 (also based on unfairness); Roberson v. Graham Corp., D.C.D.Mass. 1952, 14 F.R.D. 83 (expert's information privileged); E.I. DuPont DeNemours & Co. v. Phillips Petroleum Corp., D.C.D.Del. 1959, 23 F.R.D. 237 (expert's technical information, whether privileged or not, cannot be revealed without showing of good cause); Carpenter-Trant Drilling Co. v. Magnolia Petroleum Corp., D.C.D.Neb. 1959, 23 F.R.D. 257 (expert's reports were counsel's work product and no good cause shown); cf. Leding v. United States Rubber Co., D.C.D.Mont. 1959, 23 F.R.D. 220. See also Moran v. Pittsburgh-Des Moines Steel Co., D.C.W.D.Pa. 1947, 6 F.R.D. 594; Cold Metal Process Co. v. Aluminum Co. of America, D.C.D.Mass. 1947, 7 F.R.D. 684; Dipson Theatres, Inc. v. Buffalo Theatres, Inc., D.C.W.D.N.Y., 8 F.R.D. 313. Several cases where discovery was not allowed to elicit information from government experts are: United States v. 720 Bottles, etc., D.C.E.D.N.Y. 1944, 3 F.R.D. 466; United States v. 88 Cases, More or Less, D.C.D.N.J. 1946, 5 F.R.D. 503; United States v. Five Cases, etc., D.C.D.Conn. 1949, 9 F.R.D. 81 (no good cause shown as claimant could make its own analysis). Contra, United States v. 300 Cans, etc., of Black Raspberries, D.C.N.D.Ohio 1946, 7 F.R.D. 36 (records not privileged). Another case which allowed discovery from an expert of the adverse party on the basis that the attorney-client privilege does not extend to the expert's work product is Cold Metal Process Co. v. Aluminum Co. of America, D.C.N.D. Ohio 1947, 7 F.R.D. 425. The basis for the holding in the preceding two cases; viz., the analysis of the expert is not privileged is not followed in Florida and is contrary to the weight of authority of the Federal decisions. See Atlantic Coast Line R. Co. v. Allen, Fla. 1949, 40 So.2d 115 and federal cases cited in this footnote.
[2] It is interesting to note that Professor Moore suggests that a possible solution of the problem of whether to allow discovery of an adverse party's expert would be for the court to appoint an independent expert whose findings would be available to both parties. 4 Moore's Federal Practice, Par. 26.24, p. 1158 (2nd ed. 1950).
[3] In Lewis v. United Air Lines Transport Corp., supra (footnote 1), although the court did not permit the expert to disclose his findings of an examination of a cylinder, it did opine that if any changes were made in the cylinder, the expert must describe the changes, or if any tests made could not be repeated, the expert must disclose the results thereof.
[4] Professor Moore states: "The proper solution to the problem is indicated in a number of the decisions, although nowhere have the courts spelled out the rule in detail. It is this: The court should not ordinarily permit one party to examine an expert engaged by the adverse party, or to inspect reports prepared by such expert, in the absence of a showing that the facts or the information sought are necessary for the moving party's preparation for trial and cannot be obtained by the moving party's independent investigation or research.

However, since one of the purposes of the Federal Rules as stated in Rule 1 is to facilitate the inexpensive determination of causes, the court should have discretion to order discovery upon condition that the moving party pay a reasonable portion of the fees of the expert." 4 Moore's Federal Practice, Par. 26, 24, pp 1157, 1158 (2nd ed. 1950).