SANDLER, HARRY N., Associate Judge.
Appellant, as plaintiff in the lower court, instituted suit against appellee (defendant) to recover a portion of a brokerage commission received by the defendant. At the conclusion of plaintiff’s case a motion for a directed verdict was granted to defendant and final judgment subsequently entered. It is from this judgment that plaintiff appeals.
Plaintiff’s amended complaint sought recovery on the ground that the plaintiff was employed as a salesman by the defendant brokerage company and that under the terms of employment, which were both written and oral, he was to receive sixty percent of the company commissions where he was the procuring cause of the commission for the company. It was further alleged that a sale was consummated through plaintiff’s efforts for which defendant received a Five Thousand Dollar commission. In the second count, plaintiff alleges he performed valuable services for which he is entitled to a commission and that if he is denied recovery on the basis of quantum meruit the defendant would be unjustly enriched. The defendant denied the material allegations of the amended complaint with the exception that it did admit receiving a Five Thousand Dollar commission for the sale of the land described in the complaint.
A pre-trial conference was had at which both parties were represented by counsel. A pre-trial order was entered containing certain admissions made by the defendant including the fact that the plaintiff partially procured the sale for which he was entitled to some compensation.
On the date of the trial an oral motion was made by counsel for defendant to modify the pre-trial order in certain. respects, among which were to delete the admissions cited above. The trial court after hearing argument of counsel stated that it would grant the motion to amend with respect to deleting the above admissions. In granting this part of the motion the trial judge stated to plaintiff’s counsel that he would grant a continuance in the case if plaintiff was not prepared to go to trial under the amended pre-trial order. Plaintiff was consulted by his counsel as to a continuance and after the conference the Court was informed that plaintiff did not wish to ask for a continuance.
Plaintiff’s evidence showed that he was employed by defendant; that during the employment defendant received a listing on some acreage in Polk County, Florida, and that plaintiff tried to sell the same and was unsuccessful; that subsequently plaintiff, with the consent of the defendant, invited other brokers to cooperate in the listing. Pursuant to this invitation a cooperating broker did sell the property for which defendant was paid Five Thousand Dollars as its part of the commission. Testimony by the plaintiff revealed that there was no specific agreement to pay him a commission where a cooperating broker was involved,, and the Court excluded the agreement for commission where a cooperating broker was not involved.
Two of plaintiff’s three questions presented to this Court concern the power of a trial judge to amend a pre-trial order. The authority for pre-trial procedure in Florida is found in Rule 1.16 of Florida *908 Rules of Civil Procedure, 30 F.S.A. This rule, after reciting what should be done at the pre-trial conference, states:
■“The Court shall make an order reciting the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and limiting the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered shall control the subsequent course of the action, unless modified at the trial to prevent manifest injustice(Emphasis supplied.)
In the case of Vaughn v. Smith, 1957, 96 So.2d 143, our Supreme Court has reiterated this position. The Federal Courts when interpreting their Rule 16, which is the counterpart of our Rule 1.16, has said in the case of Maryland Casualty Co. v. Rickenbaker, 4 Cir., 1944, 146 F.2d 751, 753:
“In any event, it is obvious that a stipulation of counsel originally designed to expedite the trial should not be rigidly adhered to when it becomes apparent that it may inflict a manifest injustice upon one of the contracting parties.”
Although pre-trial orders do control the subsequent course of action of the case, the trial judge in his discretion may modify such pre-trial orders, so as not to stultify the purpose of the trial, which is to give justice to all parties before the Court. In this instance the trial judge offered to continue the case after the order was modified, which was refused on behalf of plaintiff. Therefore, we find no abuse of discretion and no error in the ruling of modification.
The remaining question is whether or not the evidence was sufficient to present a case to the jury. Both briefs have cited as authority for their respective positions, Restatement of the Law, Agency, Sec. Ed. (1958) Section 441, which reads as follows:
“Services may be rendered with the understanding that they are not to be paid for unless satisfactory to the principal * * * ; or unless the principal derives a benefit from them * * * ; or unless they accomplish a specified result, as in the case of a real estate broker whose compensation is contingent upon success.” (Emphasis supplied.)
Applying this law to the evidence we hold that it sustains the position of- the defendant in that the evidence before the Court showed that the defendant owned the listing; that the plaintiff was unsuccessful in selling the property; that a cooperating broker did sell the property and that there was no agreement as to compensation between plaintiff and defendant where a cooperating broker was involved. We find no error in the trial court directing a verdict and therefore affirm its ruling.
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.