BARKDULL, Judge.
Petitioner, by writ of certiorari, requests review of an interlocutory order in a common law action which quashed a notice of taking deposition of an expert witness of the respondent. In causes similar to this, this court and others have assumed jurisdiction of such writs; American Ladder & Scaffold Company v. Eadie, Fla.App. 1960, 120 So.2d 65; City of Sarasota v. Colbert, Fla. App. 1957, 97 So.2d 872.
 The trial court granted the motion to quash the deposition of expert witness, Dr. George Schmitt, upon a motion pointing out that the doctor was an expert with whom counsel for the plaintiff-respondent herein had conferred relative to expert opinion surrounding the injury involved in litigation, and that any opinion of the doctor would constitute the work product of the plaintiff. In quashing the notice of taking deposition, the trial court has prevented the petitioner from seeking discovery examination in areas which would not be prohibited by the work product rules of limitation. This protection will fall when the respondent relies on the work product of the expert. See American Ladder & Scaffold Company v. Eadie, supra; Savino v. Luciano, Fla.1957, 92 So.2d 817. The mere listing of the expert as a prospective witness, pursuant to a pre-trial order as was *579 done here, does not constitute a waiver of the work product privilege and this may be urged upon a proper protective motion. Therefore, the order complained of is quashed without prejudice to the trial court entertaining appropriate protective orders as to the work product developed by the prospective witness.
Writ granted and order quashed.