148 So.2d 556 (1963)
SHAWMUT VAN LINES, INC., and Home Fire and Marine Insurance Company of California, Petitioners,
v.
Brett SMALL, Respondent.
No. 62-644.
District Court of Appeal of Florida. Third District.
January 15, 1963.
*557 Fowler, White, Gillen, Humkey & Trenam and Harold L. Ward, Miami, for petitioners.
Welsh, Cornell, Pyszka & Carlton and Henry R. Stroemer, Miami, for respondent.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
PEARSON, TILLMAN, Chief Judge.
The petitioner-insurance company is being sued upon an insurance policy. Its petition for certiorari in this Court seeks reversal of an order of the circuit court which granted plaintiff-respondent's motion to compel discovery from an adjuster allegedly employed by the insurance company. The language of the order is as follows: "C.A. Craig is hereby required to conform to and abide by the terms of the subpoena heretofore served upon him and testify in response thereto and to present his file for a reasonable examination and reproduction if required."
It has previously been determined that an investigator employed by a party may not be required to produce the work product of his investigation except in unusual circumstances constituting compelling necessity for the discovery in order to reach the merits of the cause. Ford Motor Co. v. Havee, Fla.App. 1960, 123 So.2d 572. A review of the record submitted to us does not substantiate the application of the exception to the general rule to the file of the investigator. Therefore, that portion of the order which directs the adjuster to turn over the file for examination and reproduction is quashed.
The order which the petition seeks to review was not limited to the matter of the investigator's file. Plaintiff was prevented from asking the witness, Craig, any questions on deposition except his name and occupation. Insurance adjusters, however, are not by occupation precluded from discovery; and if upon the remand of this cause particular questions are asked which are objectionable because they invade the work product of this defendant, the defendant may object to the questions. The trial court will then be able to determine from such evidence as is before it whether the *558 adjuster is the agent of the defendant and whether the answers sought will invade the defendant's privilege.
Plaintiff has alleged a course of dealing with the insurance adjuster extending over a considerable length of time prior to the filing of suit. He has urged thereupon that the matters and things he wishes to inquire into may come within an exception to the rule against disclosure of work product in that they concern dealings between himself and the insurance company. We do not have a sufficient record to make this determination, nor do we find that the trial judge had such information.
Upon remand the witness, C.A. Craig, will be required to report for examination as noticed by the plaintiff and with the file which has been subpoenaed. Thereafter the cause should proceed with objections to specific questions, if necessary, and certification to the trial judge of those questions to which the plaintiff demands an answer. The trial court can then decide which questions must be answered. See Rule 1.31(a), Florida Rules of Civil Procedure, 30 F.S.A.[1]
The order on which certiorari is herein granted contains a provision granting plaintiff's motion to assess reasonable expenses incurred in obtaining the order and deferring the award of said costs until the conclusion of the proceedings. With this provision we are in entire accord. Even though certiorari has been granted upon one portion of the order, it is apparent that the motion to compel the witness to answer questions on oral deposition was necessary if the plaintiff were not to have to abandon his discovery deposition. This situation was occasioned by what amounted to a blanket objection by defendant's counsel to any testimony from the witness other than his name and occupation. We mention this factor so that the granting of this petition and the subsequent quashal of a portion of the order reviewed may not be considered determinative of the costs of the proceeding in the trial court.
For the above reasons, the petition for writ of certiorari is granted, and the order on motion to compel the witness to answer oral interrogatories on deposition is quashed as to that portion which requires the witness to present his file for examination and reproduction. The order is affirmed in all other particulars.
Certiorari granted.
NOTES
[1] Rule 1.31(a), Florida Rules of Civil Procedure:

"Rule 1.31. Refusal to Make Discovery: Consequences
(a) Refusal to Answer. If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, the proponent of the question may apply to the circuit court in the county where the deposition is taken * * * for an order compelling an answer. * * * If the motion is granted and the court hearing the motion finds that the refusal was without substantial justification, it may enforce its order by contempt. The court having original jurisdiction of the cause may require the refusing party or deponent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees. If the motion is denied by the court hearing it and said court finds that the motion was made without substantial justification, the court having original jurisdiction of the cause may require the examining party or the attorney advising the motion or both of them to pay to the refusing party or witness the amount of the reasonable expenses incurred in opposing the motion, including reasonable attorney's fees."