PER CURIAM.
These interlocutory appeals are from similar orders in three suits brought by appellee on separate insurance contracts. They were consolidated and heard together. What is said here applies to all. Suit was filed for declaratory decree, seeking construction of contract and judgment for amounts claimed to be payable for disability from an automobile accident. The answer charged fraud and that the injury was intentional and self-inflicted. The coverage excluded disability so induced. After having made provision for a jury trial of the issue created by that defense, the court granted a motion by the plaintiff for summary judgment thereon. That order is one of those appealed. On con *853 sidering the facts as revealed by the pleadings and the numerous depositions which were before the trial judge on the hearing on plaintiff’s motion for summary judgment, and according the party moved against the benefit of inferences reasonably to be drawn in its favor from the facts disclosed, we have concluded that issues were raised relating to the defense of conspiracy to defraud and intentional accident which presented jury questions, not triable by the court or proper to be determined by summary judgment. In holding the contrary the able trial judge was in error, and we therefore reverse the summary judgment. See Alepgo Corporation v. Pozin, Fla.App.1959, 114 So.2d 645, 647; Firemen’s Mut. Ins. Co. v. Aponaug Mfg. Co., 5 Cir.1945, 149 F.2d 359; Colby v. Klune, 2 Cir.1949, 178 F.2d 872; Subin v. Goldsmith, 2 Cir.1955, 224 F.2d 753.
The second order sought to be reviewed, which' denied a requested medical examination of the plaintiff, is affirmed. Several examinations had been made earlier. Liability under the policies had been disclaimed. The examination was requested close to the date set for trial. In the situation presented, no abuse of discretion was shown.
The third order appealed was one which granted plaintiff’s motion for protection and operated to prevent the defendant from taking the discovery deposition of a doctor whom plaintiff’s attorneys had employed to examine the plaintiff and advise them. As disclosed by their motion plaintiff’s attorneys did not intend to have the doctor testify at the trial. The plaintiff was not unavailable for similar examination by other doctors. It seems clear the only information which could be expected to be obtained from him was what he found on examining the plaintiff and the records, and his conclusions thereon. No good cause was shown by the defendants to justify deposing this expert hired to inform and advise the plaintiff’s attorneys. Under the circumstances, the denial of the discovery deposition was not error, and that order is affirmed. It is the general rule that an expert so employed may not be deposed unless such information is not obtainable elsewhere, or other good cause is shown. See Ford Motor Company v. Havee, Fla.App.1960, 123 So.2d 572, and authorities cited there. The case of Shawmut Van Lines, Inc. v. Small, Fla.App.1963, 148 So.2d 556, relied on by the appellant is distinguishable. There the court recognized that by reason of the length and nature of the employment there could be areas for examination of the employed adjuster outside of privileged work product and allowed discovery subject to the right to object if it led into privileged ground. In American Ladder & Scaffold Company v. Eadie, Fla.App.1960, 120 So.2d 65, the attorneys who employed an expert to examine and report to them on property involved in a case used his evidence in the form of an affidavit in support of an unsuccessful motion for summary judgment. We there held that such use of the expert’s evidence was a waiver of any privilege which' otherwise might have been availed of as protection against a discovery deposition. In Dade County By and Through Board of County Com’rs v. Bosch, Fla.App.1961, 133 So.2d 578, we quashed an order of the trial court which granted protection against such a deposition. In that case the doctor had been listed by the party who employed him as one of the witnesses to be called at trial. Where in the earlier American Ladder case we held that use of the expert’s evidence amounted to a waiver, in the Dade County By and Through Board of County Com’rs v. Bosch case we held that an announced intention to use the expert as a witness did not waive the work product privilege, and we there held the deposition could be taken subject to protective orders if it should invade the work product. The holdings in the Shawmut Van Lines, Inc. v. Small and Dade County By and Through Board of County Com’rs v. Bosch, supra, are not inconsistent with our holding in the instant case because of the different cir *854 cumstances here, among which are that the expert is not to be presented as a witness and no area for useful examination apart from privileged matter was suggested or shown in this case.
The judgments and orders appealed from in the above cases numbered 63-52, 63-53 and 63-54 are in part affirmed and in part reversed as and in the respects set out above, and the said causes are remanded to the circuit court for further proceedings.