SHANNON, Judge.
During the pendency of this suit below the plaintiffs filed notice of the taking of the deposition of Frank Mirigliano, the investigating agent of the defendant. The cause was one in which injury was suffered by the plaintiff in an automobile accident During this deposition counsel for the plaintiffs asked certain questions to which the defendants objected, and which the witness, on instructions from the attorney, refused to answer. The plaintiffs asked the witness’s name and address and his age, as well as his present occupation. After having ascertained from the witness that he was an insurance adjuster and that his occupation takes in the investigation of accidents, he was asked did he recall meeting a young lady by the name of Concetta Imbruglia, the plaintiff in this ease. Counsel for defendants instructed the witness not to answer on the grounds that it invaded the work product of the defendant and that it was a privileged communication. Subsequently, the attorney for the plaintiffs made a motion for an order directing Frank Mirigliano to respond to the questions posed to him and to submit to further questioning upon his deposition. The trial court entered an order granting plaintiffs’ motion and ordered that the witness, Frank Mirigliano, be directed to submit to further questioning upon his deposition and to respond to the questions posed to him and such other questions as may properly be posed to him. The trial court cites one case in its order, which is the case of Shawmut Van Lines v. Small, Fla.App.1963, 148 So.2d 556.
The defendants have filed a petition for writ of certiorari. It appears from the record that the witness was an insurance adjuster employed by the defendants, and that he took a written statement from the plaintiff, Concetta Imbruglia. The purpose of the questioning, as stated by the attorney for plaintiffs, was:
“For the record allow me to tell you that the purpose of this deposition is to ascertain the circumstances surrounding the taking of a statement by this witness from the Plaintiff, Concetta Imbruglia and her condition, physical condition at the time it was taken.”
On the questions we have cited above, we find the trial court’s order was proper, but in so holding, we are limiting this decision to questions within the limitations of the plaintiffs’ attorney’s statement as to the purpose of his questions concerning Concetta Imbruglia. The record shows that the plaintiff sought information from Frank Mirigliano as to the apparent physical condition of the plaintiff at the time he took the statement This question does not infringe on the work product rule. In Goldstein v. Great Atlantic & Pacific Tea Company, Fla.App.1960, 118 So.2d 253, an investigator for a party had taken photographs at the scene of the accident The court said:
“The purpose of the deposition was to interrogate the witness in regard to *782 his taking of photographs. The trial judge’s order was not in error to the extent that it ordered the deponent to answer questions as to his taking of photographs, short of requiring him to reveal communications or reports between himself and plaintiffs’ attorneys as his employers relating to the circumstances of the accident or his investigation thereof.”
In the case cited by the trial court, Shawmut Van Lines v. Small, supra, one of the questions was whether an insurance adjuster could be required to answer any questions besides those regarding his name and occupation. The court held that insurance adjusters are not, by nature of their occupation, precluded from discovery, and that they are justified in refusing to answer only those questions which invade their work product or are privileged. In the case on review, the plaintiffs’ inquiry does not extend into either of these areas.
Certiorari denied.
ALLEN, Acting C. J., and WHITE, J., concur.