200 So.2d 234 (1967)
HARTSTONE CONCRETE PRODUCTS COMPANY, Inc., a Corporation, and George E. Berlin, Appellants,
v.
Mary IVANCEVICH, Appellee.
No. 7255.
District Court of Appeal of Florida. Second District.
June 9, 1967.
*235 Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
E.B. Rood and McClain, Turbiville & Davis, Tampa, for appellee.
PER CURIAM.
As plaintiff in the trial court, appellee sought to recover compensatory damages from the appellants as defendants charging wrongful death of her husband as the result of an automobile accident. The parties will be designated here as they were in the court below. The jury found in favor of the plaintiff and she was awarded substantial damages. After the denial of defendants' motion for a new trial, final judgment was entered for plaintiff from which defendants have appealed.
The accident which gave rise to this cause of action occurred after dark on U.S. Highway 301 north of Riverview, Hillsborough County, Florida, at about 6:30 P.M., on December 14, 1964. The highway runs north and south and has two lanes of traffic, one for each direction of travel.
A concrete mixer truck owned by defendant Hartstone Concrete Products Company was being driven by its employee, defendant George E. Berlin, in a northerly direction on said highway. The decedent drove his 1962 Chevrolet Station Wagon into the rear of defendants' truck. After the accident the decedent's station wagon was still headed in a northerly direction in the north-bound lane of traffic. The front of the station wagon was damaged extensively and there was some damage to the rear of defendants' truck.
The principal issue made at the trial was whether defendants' truck was moving at the time the collision occurred between the truck and station wagon.
There were no eyewitnesses to the accident except the defendant driver, Berlin and he testified that he was proceeding north at a speed of 30 to 35 miles per hour and that he observed an automobile coming up fast behind him which ran into the rear of the truck he was driving. Roscoe Soape, who was sitting in a house trailer about 75 ft. from the highway, testified that he heard a short squeal and then a loud, dull noise. That he looked through the doorway and saw the headlights of the concrete mixer bobbing up and down. That the truck passed through the sector of his vision delineated by the doorway of the trailer. When asked if he could estimate the speed of the cement mixer at that time he testified:
"It would be a guess but I would say about 15 miles an hour but I didn't have much to base that estimate on because it didn't travel that far in front of me across that doorway to really tell."
Over objection by defendants, two traffic experts testified for the plaintiff that in their opinions the concrete mixer truck was stationary at the time the collision occurred. The defendants attempted to call a physicist to impeach plaintiff's traffic experts. The physicist would testify that the formula used by plaintiff's experts would not compute the distance an overtaking vehicle would travel upon impact with a moving vehicle. The trial judge refused to permit the defendants to call the physicist because he was not listed on the pre-trial order.
The principal point pressed by the defendants on this appeal is that the lower court committed reversible error by refusing to allow them to call an expert witness to impeach plaintiff's experts even though he was not listed on the pre-trial order. We agree and reverse.
Before trial there was no indication whatsoever that plaintiff would contend that *236 defendants' vehicle was stopped at the time of impact.
In the course of the trial plaintiff's two traffic experts, Delton Dollar and Dale Medsker, testified that in their opinions defendants' vehicle was stationary at the time of impact. It appears from a careful study of the record on appeal that the primary basis for the experts' opinions was that the decedent's vehicle stopped at the point of impact, whereas, this would not have occurred if the truck had been moving. Mr. Dollar gave a formula for computing the distance an overtaking vehicle would travel after rear-ending a vehicle moving in the same direction. Near the end of the first day of trial counsel for the defendants made known that he intended to call an expert of his choice, a physicist, the following day to impeach the validity of Dollar's formula and its ability to predict how far an overtaking vehicle will travel upon rear-ending a moving vehicle.
When the matter arose the following day this discussion took place:
"THE COURT: Well, we're bound by the list of witnesses that we have.
"MR. CLARK: Except rebuttal.
"THE COURT: You have no rebuttal,
Mr. Clark.
"MR. CLARK: Well, Judge 
"THE COURT: Do you have a counterclaim here?
"MR. CLARK: Rebuttal in this sense: If a witness gets up there and makes a calculation during the course of the trial and he's in error, I can call in a witness without listing him. I take that position. To rebut it.
"MR. CLARK: Well, Judge, let me just tell you what I expect to prove by this witness: I expect to prove by this witness, who is a professor at the University of South Florida, that when Delton Dollar testified in response to a question regarding an automobile weighing 4,000 pounds going 60 miles an hour, hitting a vehicle weighing 24,000, pounds going 30 miles an hour, that the rear vehicle would travel 66 feet before it came to a stop.
"I asked Mr. Dollar to put his caliculations down on a sheet of paper so that we would know how he arrived at that result. And I had him sign it, Your Honor will recall. The witness I propose to call is Mr. L.A. Scott, who's head of a department at the University of South Florida, who will testify that by the formula which is set forth on that sheet of paper signed by Mr. Delton Dollar, you cannot arrive at any figure regarding how far the following vehicle would travel."
The naming of plaintiff's expert witnesses in the pre-trial order which was in due course entered in the case did not give the defendants an absolute right to discover their opinions regarding the accident. Dade County, By and Through Board of County Com'rs v. Bosch, 133 So.2d 578 (3d DCA Fla. 1961); Ford Motor Co. v. Havee, 123 So.2d 572 (3d DCA Fla. 1960).
In Ford Motor Co. v. Havee, supra, the Court held that the analysis of the expert is privileged and not subject to discovery. By footnote, the Court noted a number of federal decisions supporting their holding. The Court went further, however, and said with respect to two contrary decisions:
"The basis for the holding in the preceeding two cases; viz., the analysis of the expert is not privileged is not followed in Florida and is contrary to the weight of authority of the Federal decisions." 123 So.2d at 575.
In Dade County, By and Through Board of County Com'rs v. Bosch, supra, the Court said:
"The mere listing of the expert as a prospective witness, pursuant to a pre-trial *237 order as was done here, does not constitute a waiver of the work product privilege and this may be urged upon a proper protective motion." 133 So.2d at 578.
When an opposing party doesn't know in advance the nature of the adverse expert's opinion that will be given at the time of trial he cannot accurately predict as to whether or not he will require the use of an expert. Furthermore, he may well not know the type of expert he will need and he shouldn't be required to speculate in this respect. The defendants knew that Messrs. Medsker & Dollar held themselves out as traffic experts but the field of traffic has pyramided such that it encompasses several major disciplines including physics, engineering, mathematics, and several specialties including physical mechanics. The lower court's ruling would seem to indicate that a party who is uncertain of the nature of the adverse expert's opinion and who does not know whether that opinion will be harmful, neutral, inaccurate or unimpeachable must list as witnesses in advance of trial experts in all possible fields in which the adverse expert may have some expertise, that is should he wish to offer rebuttal testimony by an expert of his choice.
This precise question has not arisen in Florida, but the guidelines are clear.
Rule 1.200, Florida Rules of Civil Procedure, 30 F.S.A. does not specifically provide for the disclosure of witnesses before trial. However, it is now settled that the Court may require disclosure of factual witnesses and expert witnesses who will give substantive testimony on some issue made by the pleadings. A statement by Judge Clark in Padovani v. Bruchhausen, 293 F.2d 546, 549 (2d Cir.1961), is revealing:
"As a matter of fact the courts have been sharply divided on the question whether a party can be forced to disclose his prospective witnesses in advance of trial, with the majority view apparently in the negative. We are not disposed, however, to rule that a court in a pre-trial conference may not inquire of counsel as to his then plans as to the calling of witnesses, including the hiring of experts." (Emphasis added.) 293 F.2d 549, 550.
The Court may require disclosure of those witnesses, expert or factual, who will give substantive testimony on an issue in the case. If a witness' testimony bears directly on an issue made by the pleadings that testimony is substantive and the witness should be listed. But where the testimony only becomes pertinent because of prior testimony and does not bear on an issue made by the pleadings, such testimony is for impeachment and the witness need not be listed.
Defendants' physicist was an impeaching witness. As a physicist he would testify that the formula used by Delton Dollar would not compute the distance an overtaking vehicle would travel upon rear-ending another moving vehicle. The inaccuracy or uselessness of the formula would not be a proper subject for substantive testimony, yet proof of the formula's worthlessness might cast doubt on Delton Dollar's standing as an expert qualified to opine on the rest point of an overtaking vehicle that rear-ends a moving vehicle.
A party has never been required to give advance notice that he intends to use impeachment evidence. Ahearn v. Florida Power and Light Co., 113 So.2d 751 (2d DCA Fla. 1959), rev'd other grounds 118 So.2d 21; Collier v. McKesson, 121 So.2d 673 (3d DCA Fla. 1960). Litigants have never been required to list court reporters who took depositions or disclose written statements of witnesses at pre-trial conference.
It is proper that the courts continue to admit impeaching evidence without advance notice, particularly where experts are concerned. If a person knows from *238 looking at the pre-trial order that he cannot be impeached because his signed statement is not listed as documentary evidence or because someone who heard him make certain statements is not listed as a witness, he may be tempted to go a little further afield with the truth than would otherwise be the case. Moreover, where matters of opinion rather than fact are involved, an expert's awareness that an impeaching witness may be called if he overextends his expertise could have a salutary effect. No witness, expert or factual, should be put on notice that he cannot be impeached. Truth and justice will be best served for all parties involved in litigation if the possibility of impeachment is never foreclosed.
There is an inherent unfairness in preventing an opposing party from calling an impeaching expert witness, especially when the real need therefor cannot be discovered or fully appreciated, or completely discovered, until trial. Rule 1.200 says, "The order shall control the subsequent course of the action unless modified at the trial to prevent manifest injustice." Undoubtedly many pre-trial orders have been modified explicitly or implicitly "to prevent manifest injustice." E.g., Sappington v. Town Properties, Inc., 126 So.2d 906 (2d DCA Fla. 1961).
Plaintiff could not have been prejudiced by defendants' failure to list the physicist in the pre-trial order since he could not have taken the physicist's deposition, if the defendants had objected, except to ascertain his qualifications, and, too, the matters which he was expected to testify about were injected into the case by plaintiff.
Nothing said herein is intended to convey the idea that experts should not be disclosed. But the pleadings and discovery in the case at bar, as previously shown, did not reveal an issue as to whether defendants' truck was stopped, much less whether some "expert" would give an opinion as to the distance an overtaking vehicle will travel upon rear-ending a moving vehicle.
Consideration by this Court of the other two appeal questions is not essential.
Reversed and remanded for a new trial.
SHANNON, Acting C.J., PIERCE, J., and KELLY, CLIFTON M., Associate Judge, concur.