COBB, Judge.
The petitioners, plaintiffs below in a medical malpractice action, seek certiorari review of a discovery order entered by the trial judge. We grant the petition and quash the order, which clearly contravenes the Florida Rules of Civil Procedure.
The defendant Murphy filed a motion seeking a court order requiring the minor plaintiff to submit to a physical examination by his selected medical expert, one Dr. Cullen, without compliance with the requirement of Florida Rule of Civil Procedure 1.360(b) that a report of such examination be furnished to said examined plaintiff upon his request: That rule in its entirety provides:
(b) Report of Examining Physician.
(1) If requested by the party against whom an order is made under subdivision (a) or the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings, including results of all tests made, diagnosis and conclusions, with similar reports of all earlier examinations of the same condition. After delivery the party causing the examination to be made shall be entitled upon request to receive from the party against whom the order is made a similar report of any examination of the same condition previously or thereafter made, unless in the case of a report of examination of a person not a party the party shows that he is unable to obtain it. On motion the court may order delivery of a report on such terms as are just and if a physician fails or refuses to make a report, the court may exclude his testimony if offered at the trial.
*692 (2) By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy regarding the testimony of every other person who has examined or may thereafter examine him concerning the same mental or physical condition.
(3) This subdivision applies to examinations made by agreement of the parties unless the agreement provides otherwise. This subdivision does not preclude discovery of a report of an examining physician or taking the deposition of the physician in accordance with any other rule.
It is undisputed that the physical condition of the minor plaintiff is at issue in this cause. The motion for physical examination filed by Defendant Murphy, however, despite the clear wording of the above rule, specifically requested that Dr. Cullen’s report “not be subject to discovery by any other party unless Robert P. Cullen, M.D., is listed as an expert witness to testify at trial.” This motion, with its prohibition against discovery, was granted.
The respondent attempts to justify the order, acknowledged by the trial judge as “blazing a new trail,” on the basis that it protects the petitioners from surprise at trial, since if Dr. Cullen testifies at trial the examination results are discoverable; that Dr. Cullen is a retained expert outside the scope of Rule 1.360; and that the intrusion upon the examined plaintiff would be minimal.
This response misses the point: the rules provide for discovery of all medical examinations of an injured claimant, whether done by a treating or examining physician. No exceptions are provided. Additionally, Florida Rule of Civil Procedure 1.280(b)(3)(B) subjects an expert who conducts an examination pursuant to Florida Rule of Civil Procedure 1.360(b) to discovery, even if the expert is not to be called as a witness at trial.[1]
The respondent’s assertion that the plaintiffs may have physicians examine the minor without risk of discovery of the findings is not true. The defense can discover, by deposition or interrogatory, the name and address of every such physician and depose him prior to trial pursuant to the rules.
No statute, case or rule has been cited to this court which supports the discovery order herein at issue. It is clear that the Florida Supreme Court has provided Florida Rule of Civil Procedure 1.360 to cover compulsory physical examinations in a civil case, and that rule cannot be revised by the trial court. The order of the trial court dated November 9, 1983 is
QUASHED.
DAUKSCH and SHARP, JJ., concur.

. Rule 1.280(b)(3)(B) provides:
A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.