748 So.2d 378 (2000)
LIFEMARK HOSPITALS OF FLORIDA, INC., d/b/a Palmetto General Hospital, Petitioner,
v.
Inez HERNANDEZ and Lenin Hernandez, her husband; Sumivol Vorasoran, M.D.; Florida Anesthesia Associates, P.A.; Laida Casanova, M.D.; Alvarez-Jacinto, Alvarez-Jacinto, & Casanova, M.D., P.A., Respondents.
No. 3D99-2410.
District Court of Appeal of Florida, Third District.
January 19, 2000.
*379 Parenti, Falk, Waas, Hernandez & Cortina, P.A., and Gail Leverett Parenti, Coral Gables, for petitioner.
Sally Alyce Gross, Miami; Needle, Gallagher, Areces & Ellenberg, P.A., and Janice Gallagher, Miami; Kaplan & Freedman, P.A., and Joel Kaplan, Miami; George, Hartz, Lundeen, Flagg & Fulmer and Charles Hartz, Coral Gables, for respondents.
Before COPE, GREEN and FLETCHER, JJ.
COPE, J.
Lifemark Hospitals of Florida, Inc., doing business as Palmetto General Hospital, petitions for a writ of certiorari to quash an order prohibiting the deposition of a medical expert. We grant the petition.
The underlying lawsuit is a medical malpractice action brought by Inez Hernandez and Lenin Hernandez, asserting that as a result of medical malpractice during childbirth, Ms. Hernandez suffered brain damage and other injuries. The hospital is one of multiple defendants.
The hospital requested that Ms. Hernandez submit to an examination by Dr. Jerri Morris, a psychologist, pursuant to Florida Rule of Civil Procedure 1.360, in order to evaluate the claim of brain damage. Plaintiffs agreed and the examination was performed by Dr. Morris.
Insofar as pertinent here, plaintiffs, made the following request: "We would like Dr. Morris to send raw data from the testing performed on Inez Hernandez to Dr. Herrera [plaintiff's expert] for his review." They stated that they did not want any formal report that Dr. Morris might prepare.
The question before us is whether the request for Dr. Morris' raw data effected a waiver of privilege by plaintiffs under Rule 1.360(b)(2). That rules States:
By requesting and obtaining a report of the examination ... the party examined waives any privilege that party may have in that action or any other involving the same controversy regarding the testimony of every other person who has examined or may thereafter examine that party concerning the same condition.
This issue arose because the hospital served a subpoena for the deposition of Dr. Bonnie Levin, a psychologist retained by plaintiffs. Dr. Levin had performed a neuropsychological examination of Ms. Hernandez. Plaintiffs did not intend to call Dr. Levin at trial, and took the position that Dr. Levin's examination was work product and protected from discovery. Plaintiffs argued that a Rule 1.360(b)(2) waiver occurs only if the person examined (plaintiff in this case) requests and obtains "a report of the examination...." Id. Plaintiffs denied that they wanted any report from Dr. Morris, stating that they only wanted Dr. Morris' raw data.
The trial court ruled in favor of plaintiffs and quashed the hospital's subpoena directed to Dr. Levin. The hospital has petitioned for a writ of certiorari.
Plaintiffs' request for Dr. Morris' raw data is in substance a request for a "report" within the meaning of the rule. When Dr. Morris assembles the raw data she collected and transmits this in written or recorded form to plaintiffs, this is in reality "a report." The fact that the plaintiffs *380 have disclaimed any desire to receive a narrative report from Dr. Morris makes no difference. By their request, plaintiffs triggered the Rule 1.360(b)(2) waiver.
Rule 1.360 is patterned after Federal Rule of Civil Procedure 35. See Bruce J. Berman, Florida Civil Procedure ¶ 360.1, at 397 (1998 ed.). Writing about the federal rule, Professors Wright, Miller, and Marcus state that the rule "is based on the premise that, insofar as possible, it is desirable for each side to have access to all medical reports with regard to the condition in controversy." 8A Charles Alan Wright, Arthur L. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2237, at 502 (2d ed.1994). "If the party examined requests and receives a report of the examination, ... then it is provided... that he or she has waived any privilege he or she may have in that action ... regarding the testimony of every other person who has examined or may thereafter examine him or her in respect of the same physical or mental condition." Id. at 505-06 (footnotes and citations omitted); see also VSH v. Hellinger, 445 So.2d 691, 692 (Fla. 5th DCA 1984). A waiver has occurred here.
Plaintiffs argue that Rule 1.360(b)(1) provides the exclusive remedy which can be applied against plaintiffs in this case. Rule 1.360(b)(1) states in part that "if an examiner fails or refuses to make a report, the court may exclude the examiner's testimony if offered at the trial." Plaintiffs say that they do not intend to call Dr. Levin at trial, and will be happy to accept the sanction of having Dr. Levin excluded. According to plaintiffs, the trial court has no power to enforce the hospital's subpoena of Dr. Levin for deposition.
Plaintiffs misapprehend the thrust of Rule 1.360(b)(2), which accomplishes a waiver of privilegeincluding, in this case, the claim that Dr. Levin's report is work product. Rule 1.360(b)(3) states that the rule "does not preclude discovery of a report of an examiner or taking the deposition of the examiner in accordance with any other rule." (Emphasis added). Since the testimony of Dr. Levin is not protected by any applicable privilege, it follows that Dr. Levin must appear for deposition.
The language relied on by plaintiffs is contained in a different subdivision, Rule 1.360(b)(1), and the quoted sentence deals with the failure or refusal of an examiner to make a report. The making or refusal to make a report is not at issue here; the question is whether Dr. Levin must appear for deposition. Furthermore, even where the cited portion of Rule 1.360(b)(1) is at issue, "the rule does not limit the court to exclusion of testimony as its only remedy." 7 James Wm. Moore et al., Moore's Federal Practice ¶ 35.12[4], at 35-34 (3rd ed.1999).
Plaintiffs argue that the disposition of this case is controlled by Motor Union (Aviation) Orion Insurance Co. v. Levenson, 153 So.2d 852 (Fla. 3d DCA 1963). That case is not applicable, because it did not involve any issue under the predecessor to Rule 1.360. The sole work product issue discussed in that case was whether the defendant had sufficiently shown good cause to overcome the work product claim. There is no discussion of any waiver resulting from the then-existing rules of civil procedure.
For the stated reasons and because Dr. Levin's testimony is material to the central issue in the case, see Sabol v. Bennett, 672 So.2d 93, 94 (Fla. 3d DCA 1996), we grant the petition for writ of certiorari and quash the order now before us.
Certiorari granted.